IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02830-DME-KLM

IVAN M. BREWER,

    Plaintiff,

v.

RBC BANK USA,
THE LAW FIRM OF DALE AND DECKER LLC,
HIGHLINE HOLDINGS, LLC, and
DEBRA JOHNSON, in her official and personal capacities,

    Defendants.
_____

**ORDER AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____
**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on the **Order to Show Cause** [Docket No. 30]. The Court ordered Plaintiff to show cause "as to why this case should not be dismissed for his failure to comply with the Local Rules and to prosecute this lawsuit." *Order to Show Cause* [#30] at 2. Plaintiff's deadline for compliance with the Order to Show Cause [#36] was April 27, 2012. To date, Plaintiff has neither filed a response nor informally contacted the Court in any manner.

Although Plaintiff is proceeding in this lawsuit without an attorney, he bears the responsibility of prosecuting his case with due diligence. The Court must liberally construe *pro se* filings; however, *pro se* status does not excuse the obligation of any litigant to comply with the same rules of procedure that govern other litigants. *See Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992); *see also Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir.

1994).

As noted in the Order to Show Cause, Defendants filed four separate Motions to Dismiss on November 21, 2011 [#4], November 23, 2011 [#23], December 7, 2011 [#14], and December 21, 2011 [#20], which were referred to this Court for recommendation [#9, #13, #15, #21]. On December 12, 2011, the Court granted Plaintiff's request for an extension of time until January 16, 2012 to respond to Defendant Highline Holdings, LLC's Motion to Dismiss [#4]. *See Minute Order* [#18]. Despite the extension of time to do so, Plaintiff has not filed a response to that motion. On January 5, 2012, the Court granted Plaintiff's requests for extensions of time until February 7, 2012 and February 12, 2012 to respond, respectively, to Defendant Debra Johnson's Motion to Dismiss [#12] and Defendant Law Firm of Dale and Decker, LLC's Motion to Dismiss [#14]. *See Minute Order* [#26]. Again, despite the extensions of time to do so, Plaintiff has not filed a response to either motion. Plaintiff did not file a response to Defendant RBC Bank USA's Motion to Dismiss [#20] and did not seek an extension of time in which to do so. Thus, to date, Plaintiff has not responded to any of the pending Motions to Dismiss.

Additionally, on March 15, 2012, a Minute Order sent to Plaintiff's address, as indicated in Court records, was returned as undeliverable [#29], as was the Order to Show Cause on April 26, 2012 [#31]. D.C.COLO.LCivR 10.1M requires that any change of address (or other contact information) be noticed to the Court within five days of such change. Plaintiff is thus under a continuing obligation to inform the Court of any changes in his contact information. To date, the docket does not reflect the filing of a notice by Plaintiff regarding an address change. In fact, Plaintiff has not contacted the Court since the two Motions for Enlargement he filed on January 3, 2012.

The Court warned Plaintiff in the Order to Show Cause that his failure to timely comply with the instruction to respond would result in a recommendation that this matter be dismissed due to Plaintiff's failure to prosecute. [#30] at 2. Given Plaintiff's failure to comply with the instruction stated in the April 12, 2012 Minute Order, the Court considers whether Plaintiff's case should be dismissed as a sanction pursuant to Fed. R. Civ. P. 41(b). *See Rogers v. Andrus Transp. Servs.*, 502 F.3d 1147, 1151 (10th Cir. 2007) (noting that Court has inherent authority to consider *sua sponte* whether a case should be involuntarily dismissed due to Plaintiff's failure to prosecute); 9 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2369, at 576-77 & n.1 (3d ed. 2008).

In *Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir. 1992), the Tenth Circuit enumerated the factors to be considered when evaluating grounds for dismissal of an action.[1] The factors are: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Id.* at 921 (internal quotations and citations omitted); *see also Gates Rubber Co. v. Bando Chems. Indus.,* 167 F.R.D. 90, 101 (D. Colo. 1996). "[D]ismissal is warranted when 'the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits.'" *Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1144 (10th Cir. 2007)

---

[1] The Court notes that the standards for dismissal pursuant to Rule 37 and Rule 41(b) are essentially the same. *Mobley v. McCormick*, 40 F.3d 337, 340-41 (10th Cir. 1994) ("[W]e see no principled distinction between sanctions imposed for discovery violations and sanctions imposed [pursuant to Rule 41(b), and] . . . involuntary dismissals should be determined by reference to the *Ehrenhaus* criteria.").

(quoting *Ehrenhaus*, 965 F.2d at 921).

Here, it is clear that Plaintiff has no intention of seeking resolution of this matter on the merits. Although service was effected on Defendants, who timely filed motions to dismiss, Plaintiff did not timely respond to the motions in spite of requesting extensions of time in which to do so. More importantly, Plaintiff has failed to update his present contact information with the Court and, thus, the Court and Defendants have no means of contacting him in connection with this litigation. Further, Plaintiff has disobeyed a direct order of the Court by failing to file a response to the Order to Show Cause regarding his intent to prosecute this case. These facts demonstrate that Plaintiff has abandoned his lawsuit, and consideration of the above-stated *Ehrenhaus* factors weigh in favor of dismissal without prejudice.[2] Accordingly,

IT IS HEREBY **ORDERED** that the Order to Show Cause is **MADE ABSOLUTE**. Thus,

IT IS HEREBY **RECOMMENDED** that Plaintiff's Complaint [#1] be **DISMISSED WITHOUT PREJUDICE** pursuant to Fed. R. Civ. P. 41(b) for Plaintiff's failure to prosecute.

IT IS FURTHER **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives *de novo* review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*,

---

[2] Dismissal with prejudice "represents an extreme sanction appropriate only in cases of willful misconduct," and should be used "as a weapon of last, rather than first, resort." *Ehrenhaus*, 965 F.2d at 920; *see Butler v. Butierres*, 227 F. App'x 719, 720 (10th Cir. Feb. 2, 2007) (remanding dismissal with prejudice for determination of willfulness).

-4-

474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated:  May 3, 2012

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge